Brenda Elaine BROWN, Pamela Brown, Sandra Brown, Cornell Jerome Brown, Julian Brown and Julia Brown, infants, by Julian E. Brown, their father and next friend, and Julian E. Brown, Appellants,

v.

COUNTY SCHOOL BOARD OF FREDERICK COUNTY, VIRGINIA, Robert E. Aylor, Division Superintendent of Schools of Frederick County, Virginia, and E. J. Oglesby, Alfred L. Wingo and E. T. Justis, individually and constituting the Pupil Placement Board of the Commonwealth of Virginia, Appellees.

No. 9193.

United States Court of Appeals Fourth Circuit.

Argued Jan. 20, 1964.

Decided Jan. 27, 1964.

S. W. Tucker, Richmond, Va. (Henry L. Marsh, III, Richmond, Va., and Otto L. Tucker, Alexandria, Va., on brief), for appellants.

Joseph A. Massie, Jr., Winchester, Va., for appellee, County School Board of Frederick County, Va.

Before SOBELOFF, Chief Judge, and HAYNSWORTH, BOREMAN, BRYAN and J. SPENCER BELL, Circuit Judges, sitting en banc.

PER CURIAM.

This is a class action by Negro plaintiffs seeking: (1) admission of the named plaintiffs to a specified school, (2) an injunction against the operation of a bi-racial school system throughout the county, and (3) an award of counsel fees. While the action was pending it was made known to the court that the named plaintiffs were admitted to the school of their choice, whereupon the court issued an order removing the case from the active docket with leave to the plaintiffs to reinstate it without payment of advance costs if subsequent developments should warrant.

Since the record discloses the existence of a bi-racial system of schools, we remand for consideration of the plaintiffs' prayers for an injunction and counsel fees in the light of this court's opinions in Bradley v. School Board of the City of Richmond, 317 F.2d 429 (4 Cir. 1963) and Bell v. School Board of Powhatan County, 321 F.2d 494 (4 Cir. 1963). The defendants have conceded that no serious administrative problem would be involved should they be required to abandon the present use of dual zone map assignment practices in the elementary schools and the present practice of requiring the Negro high school students to attend school in the City of Winchester, which is a separate school district. Under these circumstances, there would seem to be no obstacle to the entry

of an order requiring the abandonment of these practices not later than the opening of the next school year. The district court, of course, may desire to hear further from the defendants before entering any orders with respect either to the injunction or the request for counsel fees.

Remanded.